UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,

                     Plaintiff,

  v.

ACE PAVING CO., INC., *a Washington corporation*,

                     Defendant.

Case No. C10-1590-BAT

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Northwest Administrators, Inc., filed this action seeking to collect unpaid contributions to an employee benefit plan trust fund from defendant Ace Paving Co., Inc. Dkt. 1. Northwest has moved for summary judgment. Dkt. 10. Ace opposes the motion. Dkt. 13. Having considered Northwest's motion, Ace's opposition, Northwest's reply (Dkt. 14), and the balance of the record, the Court hereby **GRANTS** Northwest's motion for summary judgment.

**BACKGROUND**

The relevant facts are undisputed. Northwest is the authorized administrative agent and assignee of the Washington Teamsters Welfare Trust Fund ("Trust Fund"). Dkt. 11 (Ditter Decl.) at 1. The Trust Fund operates under § 302 of the Labor Management Relations Act of 1947 to provide medical, dental, vision, time loss, and death benefits to eligible participants.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Ditter Decl. at 2.  The Trust Fund was established by the Washington Teamsters Welfare Trust Agreement and Declaration of Trust ("Trust Agreement").  Ditter Decl. at 2-3, ex. A.  Northwest is responsible for maintaining the Trust Fund's records and files, collecting contributions, auditing employers, and processing and paying claims for benefits.  Ditter Decl. at 3.

Ace has employed members of a bargaining unit represented by the International Brotherhood of Teamsters Local 589.  Ditter Decl. at 4.  Local 589 is an employee organization within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA").  Ditter Decl. at 4.  Ace and Local 589 are parties to a collective bargaining agreement ("CBA") that requires employers to contribute to the Trust Fund at a specific rate for each hour of compensation the employers pays to their eligible employees.  Ditter Decl. at 4, ex. C.  The CBA requires employers to pay their contributions by the tenth day of the month following the month in which the hours were worked.  Ditter Decl. at 4, ex. C at 13.  Employers must also submit, along with their contributions, monthly remittance reports detailing the contributions required on behalf of each employee.  Ditter Decl. at 7.  The Trust Agreement provides that employers who are late in making their contributions must pay, in addition to the amount of delinquent contributions, liquidated damages of 20 percent of the amount of contributions due, plus interest.  Ditter Decl. at 5-6, ex. A at 8.

Ace submitted remittance reports for August 2010 through January 2011.  Ditter Decl. at 7, ex. D.  But Ace did not pay its contributions for those months by the tenth day of the following month.  Ditter Decl. at 7-8.  On October 4, 2010, Northwest initiated this action against Ace to recover the unpaid contributions, liquidated damages, interest, attorney's fees, and costs.  Dkt. 1.  On October 15, 2010, Ace paid its contributions due for August 2010.  Ditter Decl. at 7-8.  Accordingly, Northwest's motion for summary judgment seeks $62,110.24 for contributions,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 2

1  $15,412.86 for liquidated damages, $665.02 for interest (which will continue to accrue until all
2  contributions are paid), and reasonable attorney's fees and costs (to be determined at a later
3  date). Dkt. 10 at 6-7.

4  Ace concedes that it is liable for the unpaid contributions, interest on that amount, and
5  attorney's fees and costs. Dkt. 13 at 1. Ace also concedes that it is liable for liquidated damages
6  on the unpaid contributions for September 2010 through January 2011. Dkt. 13 at 1. The only
7  issue Ace disputes is whether it owes liquidated damages on the August 2010 contributions that
8  it paid in October 2010. Dkt. 13 at 1-2. This is $2,990.81 of the total amount of liquidated
9  damages Northwest seeks. Ditter Decl. at ex. E.

## DISCUSSION

11  Summary judgment is appropriate when, viewing the evidence in the light most favorable to
12  the nonmoving party, there exists "no genuine dispute as to any material fact" and the moving
13  party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v.*
14  *Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of
15  showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,
16  323 (1986). If the moving party meets this burden, it is entitled to summary judgment if the
17  nonmoving party fails to present specific facts showing that there is a genuine issue for trial.
18  *Celotex*, 477 U.S. at 324.

19  Northwest seeks an award of liquidated damages on the entire amount of delinquent
20  contributions from August 2010 through January 2011. Dkt. 10 at 6-7. Ace argues that ERISA's
21  liquidated damages provision, 29 U.S.C. § 1132(g)(2), does not govern the August 2010
22  contributions that Ace paid in October 2010 and, thus, liquidated damages on that portion are
23  void and unenforceable under Washington state law and federal common law. Dkt. 13 at 3-4.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 3

Under 29 U.S.C. § 1145, an employer who is obligated to make contributions to an employee benefit plan must make the contributions in accordance with the terms of the governing CBA. Section 1132(g)(2) provides that in an action seeking payment of delinquent contributions in which the court awards judgment in favor of the plan, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). A plan is entitled to an award under § 1132(g)(2) under the following conditions: "(1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)).

Ace argues that § 1132(g)(2) allows liquidated damages only to the extent that a judgment is entered for unpaid contributions. Dkt. 13 at 5. Ace asserts that *Albertson's* requirement that the court must enter a judgment against the employer, read in conjunction with the statute's requirement that the court award the plan the unpaid contributions, requires a court judgment for unpaid contributions in order to impose liquidated damages. Dkt. 13 at 5. Ace further asserts that § 1132(g)(2)(C) sets up a formula for awarding liquidated damages equal to the amount of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 4

unpaid contributions included in a judgment or, if greater, interest on the unpaid contributions. Dkt. 13 at 5-6.

The Ninth Circuit rejected this argument in *Albertson's*. In that case, Albertson's argued that a mandatory award of liquidated damages and attorney's fees under § 1132(g)(2) was improper because it had voluntarily paid some delinquent contributions after the suit was filed and thus the district court did not enter judgment against Albertson's relating to those contributions. *Albertson's*, 104 F.3d at 258. The court rejected the argument "because '[f]ees may be awarded even though there is no judgment on the merits or when the dispute has become moot because relief is otherwise obtained.'" *Albertson's*, 104 F.3d at 258 (quoting *Lads Trucking Co. v. Bd. Of Trs. of W. Conference of Teamsters Pension Trust Fund*, 777 F.2d 1371, 1375 (9th Cir. 1985)). The court found that "mandatory fees are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'" *Albertson's*, 104 F.3d at 258 (quoting *Carpenters Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1175 (5th Cir. 1985)).

Ace asserts that the cases cited in *Albertson's*—*Lads Trucking Co.* and *John W. Ryan Construction Co.*—stand only for the proposition that attorney's fees may be awarded without a judgment for unpaid contributions. Dkt. 13 at 8. Nevertheless, the *Albertson's* court held that the plaintiff trust fund administrator was entitled to an award of liquidated damages for the delinquent contributions that existed when it filed the action. *Albertson's*, 104 F.3d at 258. And while Ace may criticize the Ninth Circuit's holding in *Albertson's*, it is the law of this Circuit that this Court must follow.

Ace also makes a public policy argument against application of the *Albertson's* holding, asserting that assessing a 20 percent penalty every time an employer makes a late contribution

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

awards the Trust Fund damages where no injury or loss occurred, and results in employers falling further and further behind in contributions. Dkt. 13 at 10. However, the plain language of the Trust Agreement, which Ace agreed to abide by when it entered into the CBA with Local 589, provides that employers who are late in making their contributions must pay liquidated damages of 20 percent. Moreover, § 1132(g)(2)(ii) limits liquidated damages to 20 percent of unpaid contributions. Although the liquidated damages provision at issue here is the maximum amount allowed under law, it does not exceed ERISA's limitations.

Ace argues that if liquidated damages are not awarded under § 1132(g)(2), the Trust Agreement provision providing for 20 percent liquidated damages of any delinquent contributions is void under Washington state law and federal common law because it creates an unenforceable penalty. Dkt. 13 at 12. However, ERISA supersedes all state laws insofar as they relate to employee benefit plans. 29 U.S.C. § 1144(a); *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001). And where § 1132(g)(2) mandates an award of liquidated damages, federal common law relating to liquidated damages is inapplicable. *See Idaho Plumbers*, 875 F.2d at 216-17. The governing law is clear that § 1132(g)(2) requires this Court to award Northwest liquidated damages on the amount of delinquent contributions that existed at the time Northwest filed this action. This includes the $2,990.81 of liquidated damages for Ace's delinquent August 2010 contribution.

////

////

////

////

////

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

**CONCLUSION**

The Court finds that there is no dispute as to any material fact and that Northwest is entitled to judgment as a matter of law on the unpaid contributions, liquidated damages based on the amount of delinquent contributions at the time Northwest filed this action, interest, and attorney's fees and costs. Accordingly, the Court hereby ORDERS:

(1) Northwest's motion for summary judgment (Dkt. 10) is **GRANTED**.

(2) Judgment is awarded in favor of Northwest Administrators, Inc.'s Trust Fund and against Ace Paving Co., Inc., in the following amounts, which amounts are due to Northwest for the employment period of August 2010 through January 2011:

   (A) $62,110.24 for contributions;

   (B) $15,412.86 for liquidated damages;

   (C) $665.02 for interest as of March 2, 2011 (additional amounts still accruing); and

   (D) Reasonable attorney's fees and costs (to be determined after Northwest submits an attorney's fees and costs declaration).

DATED this 6th day of April, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge